UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

MABEL AMPONSAH,

              Plaintiff,           Case No. 17-13643

v.                                 Paul D. Borman
                                      United States District Judge

FEDERAL COURT OF THE
UNITED STATES, *et al.*,          Elizabeth A. Stafford
                                      United States Magistrate Judge

              Defendants.
_____/

## OPINION AND ORDER:
## (1) GRANTING PLAINTIFF'S APPLICATION TO PROCEED IN DISTRICT COURT WITHOUT PREPAYING FEES OR COSTS;
## (2) GRANTING PLAINTIFF'S MOTION TO SET ASIDE COMPLAINT; AND
## (3) SUMMARILY DISMISSING PLAINTIFF'S AMENDED COMPLAINT PURSUANT TO 28 U.S.C. § 1915(e)(2)

Now before the Court is Plaintiff Mabel Amponsah's Application to Proceed in District Court without Prepaying Fees or Costs, as well as Plaintiff's Motion to Set Aside Complaint. For the reasons stated below, the Court will grant Plaintiff's Application to Proceed in District Court without Prepaying Fees or Costs, and will also grant Plaintiff's Motion to Set Aside Complaint, but will dismiss Plaintiff's Amended Complaint pursuant to 28 U.S.C. § 1915(e)(2) because it fails to state a claim upon which relief can be granted.

Plaintiff, who proceeds in this matter *pro se*, filed the Application to Proceed

in District Court without Prepaying Fees or Costs (ECF No. 2), along with the initial Complaint in this matter (ECF No. 1), on November 8, 2017. A court may allow commencement of a civil action without the prepayment of fees or costs if the applicant submits an affidavit demonstrating that he or she is "unable to pay such fees or give security therefor." 28 U.S.C. § 1915(a)(1). In this case, Plaintiff has supplied an affidavit regarding her financial obligations and income. (ECF No. 2.) Based on this information, the Court will grant Plaintiff's Application to Proceed in District Court without Prepaying Fees or Costs.

On November 14, 2017, Plaintiff filed a Motion to Set Aside Complaint. (ECF No. 4.) In that Motion, Plaintiff appears to request that this Court set aside the initial Complaint in favor of an Amended Complaint that was filed on the same day as the Motion. (ECF No. 5, Am. Compl.) Federal Rule of Civil Procedure 15(a)(2) provides that a court should freely grant a party leave to amend a pleading "when justice so requires." On the basis of that Rule, and construing Plaintiff's Motion to Set Aside Complaint as a motion for leave to amend the initial Complaint, the Court will grant Plaintiff's Motion to Set Aside Complaint as well.

At the same time, this Court is required to dismiss a complaint filed without prepayment of fees if the complaint "is frivolous or malicious," if it "fails to state a claim on which relief may be granted," or if it "seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B). To avoid

2

dismissal for failure to state a claim, the complaint must "contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (internal citations and quotation marks omitted). "[A] plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions . . . . Factual allegations must be enough to raise a right to relief above the speculative level . . . ." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007).

The Court is aware that a pro se litigant's complaint must be liberally construed and held to "less stringent standards than formal pleadings drafted by lawyers." *Haines v. Kerner*, 404 U.S. 519, 520 (1972); *see also Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (per curiam). Still, the plaintiff must provide more than just "bare assertions of legal conclusions." *Grinter v. Knight*, 532 F.3d 567, 577 (6th Cir. 2008) (quoting *Scheid v. Fanny Farmer Candy Shops, Inc.*, 859 F.2d 434, 436 (6th Cir. 1988)).

Liberally construed, the Amended Complaint asserts claims under the Civil Rights Act of 1964 and the Equal Protection Clause of the Fourteenth Amendment to the United States Constitution, as well as common-law tort claims including breach of contract and gross negligence. The action is brought against two Michigan state-court judges: Judge Joseph Toia of the Macomb County Circuit Court, and

3

Chief Judge Carrie Lynn Fuca of the 41B District Court.[1] Plaintiff's factual allegations regarding Judge Toia appear to be that he wrongfully dismissed either or both of two lawsuits filed by Plaintiff over which he presided. (*See* Am. Compl. at Pg ID 42-43.) Plaintiff's factual allegations regarding Chief Judge Fuca are less clear, but they seem to concern Chief Judge Fuca's filing an affidavit in one of Plaintiff's two lawsuits before Judge Toia. In that action, Plaintiff asserted (*inter alia*) claims for breach of contract and civil rights violations against one or more staff members of the 41B District Court for alleged misconduct involving the photocopying of Plaintiff's records at Plaintiff's request; in the affidavit, Chief Judge Fuca averred that Plaintiff had neither contracted with nor worked for the 41B District Court or any of its employees.[2] (*See id.* at Pg ID 44, 94-95.) Plaintiff seeks $4.9 million in compensatory damages, as well as various forms of injunctive relief

---

[1] The action is also brought against "Federal Court of United States." This presumably refers to the United States District Court for the Eastern District of Michigan, but Plaintiff has not identified any acts, omissions, or other conduct on the part of this Court, or any agents or employees of this Court, in the Amended Complaint. This Court will therefore interpret the Amended Complaint as being pled against the two named individual defendants only.

[2] Plaintiff filed a federal lawsuit in this District apparently based on the same allegations on October 30, 2017, and that lawsuit was summarily dismissed as frivolous on November 21, 2017. *Amponsah v. 41B District Court (Staff Lydia)*, No. 17-13533, ECF No. 4 (E.D. Mich. Nov. 21, 2017) (Cleland, J.). As the court noted in dismissing that case, two other lawsuits filed by Plaintiff this year in this District have been summarily dismissed either as frivolous or for failure to state a claim. *See Amponsah v. Randall*, No. 17-13531, ECF No. 5 (E.D. Mich. Nov. 13, 2017) (Leitman, J.); *Amponsah v. Trump*, No. 17-11515, ECF No. 5 (E.D. Mich. May 31, 2017) (Battani, J.).

pertaining to law school administration and regulation of the legal profession. (*See id.* at Pg ID 44-45.)

The Court must dismiss Plaintiff's Amended Complaint for failure to state a claim on which relief may be granted. However much Plaintiff may disagree with Judge Toia's rulings in her lawsuits or take issue with Chief Judge Fuca's signing an affidavit in connection with one of those lawsuits, Plaintiff has not alleged conduct by either Defendant that is legally actionable under the Civil Rights Act of 1964 or the Equal Protection Clause of the Fourteenth Amendment, nor has she alleged acts or omissions by either Defendant that constitute any of the state-law torts that she alleges were committed.

For these reasons, the Court hereby GRANTS Plaintiff's Application to Proceed in District Court without Prepaying Fees or Costs (ECF No. 2), GRANTS Plaintiff's Motion to Set Aside Complaint (ECF No. 4), and DISMISSES Plaintiff's Amended Complaint (ECF No. 5) pursuant to 28 U.S.C. § 1915(e)(2).

IT IS SO ORDERED.

s/Paul D. Borman
Paul D. Borman
United States District Judge

Dated: January 8, 2018

## CERTIFICATE OF SERVICE

      The undersigned certifies that a copy of the foregoing order was served upon each attorney or party of record herein by electronic means or first class U.S. mail on January 8, 2018.

                                                   s/D. Tofil  
                                                   Deborah Tofil, Case Manager